UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCHESTER DRUG COOPERATIVE,
INC. and MLI RX, LLC,

                              Petitioners,

                    -v.-

PAUL CAMPANELLI,

                              Respondent.

23 Misc. 89 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On April 12, 2023, the Honorable Philip M. Halpern issued an opinion
and order in *Rochester Drug Cooperative, Inc.* v. *Vijay Soni*, 23 Misc. 91,
declining to enforce the same alleged "trial witness appearance order" as in the
case before this Court, and declining to enforce a subpoena for respondent's
testimony from the Southern District of New York, noting that the subpoena
was invalid under Federal Rule of Civil Procedure 45(a)(2) and (c)(1).  On
April 4, 2023, Petitioners alerted this Court that the *Vijay Soni* action was
related to the instant case, noting that both actions sought to enforce the same
order.  (Dkt. #9).  In light of Judge Halpern's well-reasoned decision and the
text of Rule 45, the Court wonders whether Petitioner intends to continue with
this action.  If so, Petitioner is instructed to address Judge Halpern's opinion,
as well as Respondent's request for relief in the form of reimbursement of costs,
expenses, and reasonable attorneys' fees.

The Court has attached a copy of Judge Halpern's opinion to this Order.

SO ORDERED.

Dated:   April 14, 2023
         New York, New York

_____
         KATHERINE POLK FAILLA
         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCHESTER DRUG COOPERATIVE, INC.
and MLI RX, LLC,

                            Petitioner,

            -against-

VIJAY SONI,

                            Respondent.

**OPINION AND ORDER**

23-MC-00091 (PMH)

PHILIP M. HALPERN, United States District Judge:

After hearing oral argument, the Court issued a bench ruling denying the instant application to compel testimony and dismissing the petition. This Order sets forth the reasons given for that decision and respectfully directs the Clerk of Court to close this case.

On April 3, 2023, petitioners Rochester Drug Cooperative, Inc. and MLI Rx, LLC commenced this miscellaneous proceeding seeking an order of this Court to enforce a "trial witness appearance." (Docs. 1-8).  In connection with this proceeding, Petitioner's counsel prepared a trial subpoena returnable at one of the courthouses in the Southern District of New York. (Doc. 10-4). Petitioners sought an order to show cause why Vijay Soni should not appear at the United States District Court, Southern District of New York, on April 19, 2023 to testify remotely in connection with a trial set to begin on April 17, 2023 in the Eastern District of Virginia. (Doc. 5). The action in the Eastern District of Virginia is a Multidistrict litigation entitled *In re Zetia (Ezetimibe) Antitrust Litigation*, bearing Docket No. 18-md-2836 (the "MDL case"). As relevant to the instant miscellaneous proceeding, plaintiffs in the MDL case – petitioners here – seek to call Dr. Soni as a trial witness.

1

Dr. Soni will not appear voluntarily to give testimony at trial in the MDL case. The MDL case is pending in Norfolk, Virginia; Dr. Soni resides in Suffern, New York, and appears to have a business address in Mahwah, New Jersey. It is undisputed that Dr. Soni, who is not a party to the MDL case, resides, is employed, and regularly transacts business more than 100 miles from the courthouse where the MDL case is proceeding to trial.

Before commencing this proceeding in the Southern District of New York, petitioners moved before Magistrate Judge Douglas E. Miller, presiding over the MDL case, for an order finding the existence of compelling circumstances such that Dr. Soni's testimony could be taken in open court by contemporaneous transmission from a different location. Specifically, petitioners requested and received a finding under Federal Rule of Civil Procedure 43(a) that there are compelling circumstances that would justify the presentation of Dr. Soni's witness testimony live by remote means with appropriate safeguards. (*See* Doc. 7-2). Judge Miller declined to issue a subpoena for Dr. Soni in the MDL case. (*Id.*).

Petitioners attempted to secure Dr. Soni's testimony voluntarily so that they could take his trial testimony remotely from this courthouse and transmit the testimony contemporaneously to the MDL court. However, Dr. Soni did not confirm a voluntarily appearance. Petitioners therefore served upon Dr. Soni a subpoena to appear and testify at trial. (Doc. 10-4). That subpoena purports to issue from this Court, in this miscellaneous action.

This Court issued an Order to Show Cause on April 6, 2023 which, *inter alia*, directed respondent and the defendants in the MDL case to oppose petitioner's application by April 11,

2023. (Doc. 11).[1] Respondent, on April 11, 2023, filed a motion to quash (Docs. 17-19), and counsel for defendants in the MDL case filed a notice supporting that motion (Doc. 20). Respondent argues that: (1) the MDL case is not pending in the Southern District of New York so this Court cannot issue a subpoena for Dr. Soni to testify at that trial; (2) the MDL court cannot compel Dr. Soni's testimony because he is located beyond that court's subpoena power; and (3) Rule 43(a) cannot be used as an end-run around Rule 45(c) and instead applies only for a witness who either voluntarily appears or is compelled to testify by a subpoena that is valid under Rule 45. This Court agrees.

As an initial matter, the subpoena that petitioners served on Dr. Soni is invalid under Rule 45(a)(2). The rule provides that "[a] subpoena *must* issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2) (emphasis added). The MDL case is pending in the Eastern District of Virginia, not the Southern District of New York. This Court simply cannot issue a subpoena to testify at a trial in a case that is not pending before the Court. The power to issue a subpoena is reserved for the court that has "jurisdiction over the case." *In re Smerling Litig.*, 2022 WL 684148, at *2 (S.D.N.Y. Mar. 8, 2022).

Moreover, a subpoena to testify at a trial, hearing, or deposition is addressed under Rule 45(c)(1), which provides that compliance may be required within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. While a Rule 43(a) order authorizes testimony from a remote location, the witness can be commanded to testify only from a place described in Rule 45(c)(1).

---

[1] The order to show cause directed that petitioners serve respondent by personal service by April 7, 2023 with a copy of that order. Petitioners did not so serve him; the affidavits of attempts at his residence and business demonstrate that the servers were unable to serve him. (Doc. 13). However, the Court acknowledges that respondent had been personally served with the underlying papers supporting the order to show cause, and that he received actual notice of the order to show cause.

Judge Rakoff, faced with a similar request in February of 2021, declined to enforce a subpoena that required compliance beyond the geographic limitations of Rule 45(c). *Broumand, M.D. v. Joseph*, 522 F. Supp. 3d 8 (S.D.N.Y. 2021). Judge Rakoff, in that case, held that a subpoena such as the one sought herein is unenforceable under Rule 45(c) because it would require respondent to "attend" a hearing beyond the 100-mile geographic limitation of the rule. "To avoid Rule 45(c)'s geographical limitations," Judge Rakoff explained, "the Court would have to conclude that testimony via teleconference somehow 'moves a trial to the physical location of the testifying person.'" *Id*. at 23. Judge Rakoff concluded that Rule 45(c) speaks not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend.

Judge Stanton, in *Ping-Kuo Lin v. Horan Capital Management, LLC*, explained the rule well: "Rule 43(a)'s thrust concerns the reception of evidence in a trial court, and does not operate to extend the range or requirements of a subpoena." 2014 WL 3974585, at *1 (S.D.N.Y. 2014). Simply put, the subpoena must issue from the court where the action is pending, which is not this Court; and this Court cannot issue a subpoena that would require the respondent to testify at a trial proceeding in Virginia, regardless of the remote manner of transmission of the testimony. Accordingly, petitioner's motion to compel Dr. Soni to testify in the MDL case remotely from this Court is denied and the petition is dismissed.

Judge Rakoff also explained in *Broumand* that a district court faced with a subpoena that requires compliance beyond the geographic limitations of Rule 45(c) could simply decline to enforce the subpoena, without technically quashing or modifying it pursuant to Rule 45(d)(3)(A)(ii). 522 F. Supp. 3d at 23. This Court agrees with that reasoning and the reading of Rule 45(c). Thus, with respect to Respondent's motion to quash under Rule 45(d)(3)(A), for all

4

the reasons previously stated, the subpoena is invalid and seeks testimony from Dr. Soni that fails to comply with Rule 45(c). Because the Court declines to enforce the subpoena, it need not technically quash or modify it under Rule 45(d)(3)(A)(ii). Accordingly, Respondent's motion to quash is denied as moot.

The Clerk of Court is respectfully directed to: (1) terminate the pending motion (Doc. 17); and (2) close this case.

SO ORDERED.

Dated: White Plains, New York
        April 12, 2023

_____
Philip M. Halpern
United States District Judge